UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.   )<br>)<br>CLAUDIA CARREDANO,   )<br>Defendant.   ) | Criminal No. 16-10050-GAO |

## PRELIMINARY ORDER OF FORFEITURE
## IN PARTIAL SATISFACTION OF MONEY JUDGMENT

**O'TOOLE, D.J.**

WHEREAS, on February 29, 2016, a federal grand jury sitting in the District of Massachusetts returned a two-count Information, charging defendant Claudia Carredano (the "Defendant") with Wire Fraud, in violation of 18 U.S.C. § 1343 (Count One); and Identity Theft, in violation of 18 U.S.C. § 1028(a)(7), (b)(1)(D) (Count Two);

WHEREAS, the Information also contained a forfeiture allegation, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(B), and 28 U.S.C. § 2461(c), which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of one or more of the offenses charged in Counts One and Two of the Information, of any property, real or personal, which constitutes, or is derived from, proceeds obtained directly or indirectly as a result of such offenses;

WHEREAS, the forfeiture allegation of the Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which

cannot be divided without difficulty, it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b)(2), and Title 28, United States Code, Section 2461(c), both incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of all other property of the defendant up to the value of the property described in the above referenced paragraphs;

WHEREAS, on March 24, 2016, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One and Two of the Information, pursuant to a written plea agreement that she signed on February 23, 2016;

WHEREAS, in Section Nine of the plea agreement, the Defendant agreed the assets to be forfeited specifically included, without limitation, a money judgment equal to the total amount of proceeds that were derived from or were traceable to the commission of the Defendant's offenses in violation of 18 U.S.C. §§ 1343, 1028(a)(7), as charged in Counts One and Two of the Information;

WHEREAS, the Defendant admitted that such money judgment was subject to forfeiture on the grounds that it constituted, or was derived from, proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information;

WHEREAS, the Defendant also consented to the forfeiture of substitute assets, which could be used toward the satisfaction of the Money Judgment, including but not limited to the following assets:

    a.    $85,009 in United States currency;

    b.    a Citibank check in the amount of $78,472.32 payable to Luis Carredano; and

    c.    $65,632.45 in United States currency seized from Eastern Bank Account No. ending in 1065,

(collectively, the "Properties"), and in the event that the Properties exceeded the amount of the forfeiture Money Judgment, the United States agreed to return the remaining portion to the Defendant;

WHEREAS, on January 6, 2017, a sentencing hearing was held whereby this Court sentenced the Defendant to 30 months incarceration, to be followed by three years supervised release, and ordered the Defendant to pay a special assessment of $200, and the Court issued an Order of Forfeiture (Money Judgment) in the amount $320,376.03; and

WHEREAS, pursuant to the Court's January 6, 2017, Order of Forfeiture (Money Judgment) and Rule 32.2(e) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture in Partial Satisfaction of Money Judgment for the Properties.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED AND DECREED that:

1. Pursuant to the Court's January 6, 2017, Order of Forfeiture (Money Judgment) and Rule 32.2(e) of the Federal Rules of Criminal Procedure, the Court finds that the Properties are hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. § 982(b)(2), and 28 U.S.C. § 2461(c), both incorporating 21 U.S.C. § 853(p).

2. Pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Properties and maintain them in its secure custody and control.

3. Pursuant to 21 U.S.C. § 853(n)(1), incorporating both 18 U.S.C. § 982(b)(2), and 28 U.S.C. § 2461(c), and Rule 32.2(b)(6)(C), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture in Partial Satisfaction of Money Judgment and notice of the

United States' intent to dispose of the Properties.

4. Pursuant to 21 U.S.C. § 853(n)(1), incorporating both 18 U.S.C. § 982(b)(2), and 28 U.S.C. § 2461(c), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Properties to be forfeited.

5. Pursuant to 21 U.S.C. § 853(n)(2) and (3), incorporating both 18 U.S.C. § 982(b)(2), and 28 U.S.C. § 2461(c), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Properties, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Properties; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Properties, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Properties, any additional facts supporting the petitioner's claim, and the relief sought.

6. Pursuant to 21 U.S.C. § 853(n)(7), incorporating both 18 U.S.C. § 982(b)(2), and 28 U.S.C. § 2461(c), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Properties.

7. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture in Partial Satisfaction of Money Judgment, pursuant to 18 U.S.C. § 982(b)(2), 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

/s/ George A. O'Toole, Jr.
GEORGE A. O'TOOLE, JR.
United States District Judge

Dated: June 21, 2017